

**Drew Findling**

**Marissa Goldberg**
Also Admitted in CA

**Zachary J. Kelehear**

**Alexis Levine**

**Zack Findling**

The Towers at Piedmont Center
3575 Piedmont Rd NE
Tower 15
Suite 1010
Atlanta, GA 30305
404.460.4500  phone
404.460.4501  fax
www.findlinglawfirm.com

email:
drew@findlinglawfirm.com
marissa@findlinglawfirm.com
zack@findlinglawfirm.com
alexis@findlinglawfirm.com
zf@findlinglawfirm.com

August 7, 2024

*Electronically filed (CM/ECF)*
David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St. N.W.
Atlanta, Georgia 30303

      RE:     United States v. Mitzi Bickers
                  No. 22-13174 (to be argued August 13, 2024)

Dear Mr. Smith:

      This letter responds to the Government's supplemental authority letter filed on August 5, 2024.

      The case at bar is dissimilar from United States v. Macrina, F. 4th, 2024 WL 3575120 (11th Cir. June 30, 2024). In Macrina, the defendant was not charged with any substantive fraud offenses. Accordingly, when the government introduced evidence of the defendant's financial disclosure forms and the City of Atlanta Code of Ethics, the Court included a limiting instruction. Id. at 7. Ultimately, according to the Eleventh Circuit, the "limiting instruction mitigated any risk of undue prejudice." Id.  at 18.

      In Ms. Bickers' trial, there was no such limiting instruction. Instead, the evidence was admitted as substantive evidence in support of wire fraud counts, which Macrina did not have. The financial disclosure forms and alleged ethics violations were a material part of counts 7 and 10, according to the Government: "Because Mitzi Bickers failed to disclose that information, she continued to get her City of Atlanta salary, and that resulted in those wires, the direct deposits into her Bank of America accounts, as charged in Count 7 through 10." Doc. 248 – Pg 2005.

      Without any limiting instruction, the evidence created undue prejudice. Even worse, the evidence was admitted in support of counts which the Government now seeks to dismiss. If the wire fraud counts had been dismissed prior to trial, as the Government has hypothesized in their letter, the Ethics Code and financial disclosure evidence may have been admissible only if coupled with a *limiting instruction*. Thus, the admission of the evidence in this trial was improper, and created a dangerous spillover effect which tainted the entire trial. See United States v. Prosperi, 201 F. 3d 1335 (11th Cir. 2005).

                                                                              Sincerely,

                                                                     Drew Findling
                                                                     Marissa Goldberg
                                                                     *Attorneys for Appellant Bickers*