[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-13174

_____

UNITED STATES OF AMERICA,

                                                           Plaintiff-Appellee,

*versus*

MITZI BICKERS,

                                                           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00098-SCJ-LTW-1

_____

Before WILSON, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mitzi Bickers was convicted of conspiratorial bribery under 18 U.S.C. § 371 (Count 1), three counts of money laundering under 18 U.S.C. § 1957 (Counts 4–6), four counts of wire fraud under 18 U.S.C. §§ 1343, 1349 (Counts 7–10), and filing a false tax return under 26 U.S.C. § 7206 (Count 12). The evidence at trial established that Bickers, as an employee with the City of Atlanta, accepted bribes to influence the selection of certain contractors for Atlanta's sidewalk repair, bridge repair, and snow removal projects. The contractors, in turn, inflated their bids to personally profit and to cover Bickers' bribe amounts, costing Atlanta millions of dollars. Bickers argues on appeal that numerous district court decisions made at her trial and sentencing were incorrect, including:

    I.    That the district court abused its discretion in limiting the scope of cross-examination as to E.R. Mitchell, Jr.

    II.    That the district court abused its discretion in denying Bickers' motion for a curative instruction.

    III.    That the district court abused its discretion in denying Bickers' motion for mistrial.

    IV.    That the district court erred in denying Bickers' motion for judgment of acquittal.

    V.    That the district court erred in overruling Bickers' sentencing objections.

22-13174               Opinion of the Court                3

After consideration of the briefs and the record, and with the benefit of oral argument, we find no reversible error as to Issues I–III and V.

Regarding Issue IV, whether the district court erred in denying Bickers' motion for judgment of acquittal, the Government concedes that the wire fraud counts, Counts 7–10, are due to be withdrawn in light of the Supreme Court's recent decisions in *Kelly v. United States*, 590 U.S. 391, 398–403 (2020) and *Ciminelli v. United States*, 598 U.S. 306, 312–316 (2023). Even so, the withdrawal of those counts does not require a new trial because the evidence supporting those counts did not cause prejudicial spillover to the remaining conviction counts. *United States v. Prosperi*, 201 F.3d 1335, 1345 (11th Cir. 2000). Therefore, we determine that Counts 7–10 should be vacated, and Bickers should receive a limited resentencing reflecting the removed counts.

We thus affirm Bickers' convictions on Counts 1, 4–6, and 12. But we vacate Counts 7–10, the wire fraud counts, and remand back to the district court for limited resentencing.

**AFFIRMED in part and VACATED and REMANDED for limited resentencing.**